IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                           PLAINTIFF

V.                                       Case No. 5:19-CR-50094

FREDERICK HERROD                                                                                   DEFENDANT

**REPORT AND RECOMMENDATION**

Before the Court for consideration is Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 107 and supplements 149 & 151), and the United States' response thereto (ECF No. 121). The Motion is assigned to U.S. District Court Judge Timothy L. Brooks who referred it to the undersigned for Report and Recommendation pursuant to Rule 7.2(VIII)(B) of the Local Rules for the United States District Courts for the Eastern and Western Districts of Arkansas. Because there is no factual dispute and because Defendant's legal arguments are contrary to well-established law, an evidentiary hearing is both unwarranted and unnecessary. The Court, being well and sufficiently advised, finds and recommends as follows:

**I.     Background**

Defendant Frederick Herrod was named in a criminal complaint filed in this district on August 19, 2019. (ECF No. 1). On September 16, 2019, Defendant was arraigned and appointed counsel, and following a preliminary hearing conducted on September 19, 2019, the Court found probable cause for the charges in the complaint and remanded Defendant to custody of the U.S. Marshal's Service. (ECF Nos. 10, 12, 16). On October 1, 2019, Defendant appeared with Joe Alfaro, his appointed Federal Public Defender, before Judge Brooks; at that hearing, Defendant was reminded of his constitutionally protected

1

rights, waived indictment and pled guilty to a one-count information charging him with possessing a mixture or substance containing a detectible amount of methamphetamine with the intent to deliver, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (ECF No. 21-25).

Subsequently, on November 21, 2019, and as the result of two separate motions and a hearing conducted by the U.S. Magistrate Judge, Mr. Alfaro was permitted to withdraw as counsel for Defendant; however, as Defendant expressed a desire to represent himself, the Court directed Mr. Alfaro to act as standby counsel for Defendant for the remainder of the proceedings.  (ECF No. 36).

On December 4, 2019, Defendant filed a Motion for Review and Judicial Interpretation (ECF No. 39) which Judge Brooks construed as a Motion to Withdraw Guilty Plea (ECF No. 42) and scheduled for hearing on January 14, 2020.   A few days later, Defendant filed a Motion to Dismiss Criminal Complaint and Information (ECF No. 45), and then on December 16, 2019, amended and supplemented his Motion for Review to additionally challenge the adequacy of the Government's disclosures.  (ECF Nos. 46, 48).  Defendant then voiced his disagreement with Judge Brooks' construction of his Motion for Review as one to withdraw his guilty plea, indicating he would "waive" a hearing under those circumstances. (ECF No. 50).

Defendant thereafter sought transcripts from the Magistrate Judge's preliminary hearing and withdrawal of counsel hearing, and from Judge Brook's waiver/change of plea hearing, obtaining partial relief on his Motion. (ECF No. 51, 55).  After reclassifying its upcoming hearing as one on Defendant's "pending motions," Defendant moved forward with a hearing on his Motion for Review.  Defendant's request to withdraw his guilty plea was denied but, to the extent Defendant's pleadings challenged calculation of his base offense level for the purposes of sentencing, Judge Brooks determined that those challenges would survive as objections to the Presentence Investigation Report.  (ECF No. 62).

Defendant then filed a Motion for Writ of Error Coram Nobis and Motion to Dismiss the Indictment (ECF Nos. 64, 65), challenging the Court's exercise of jurisdiction over his federal criminal case pursuant to 18 U.S.C. §§ 3231 and 3232; both motions were denied with Judge Brooks specifically rejecting Defendant's jurisdictional arguments as meritless. (ECF No. 70). Defendant renewed his Motion to Dismiss (ECF No. 71) and it was denied for the same reasons. (ECF No. 72). A Motion for Reconsideration followed, which was denied for failure to provide any new legal basis for the Court's review. (ECF No. 73, 74).

On February 27, 2020, Defendant filed a Notice of Appeal to the Eighth Circuit (ECF No. 87)[1], and then followed with two Motions to Withdraw his Guilty Plea (ECF Nos. 76, 79). A motion to be excused from attending his own sentencing was filed by Defendant but denied by the Court. (ECF No. 80). On March 6, 2020, Judge Brooks conducted a hearing on Defendant's pending motions to withdraw his plea, denying both motions, and then proceeded to Defendant's sentencing hearing. (ECF No. 81, 82, 84). Defendant was sentenced to 108 months imprisonment, 3 years of supervised release, a $4,900 fine and special assessment of $100; Judgment was entered on March 10, 2020. (ECF No. 85). Defendant's sentence was substantially below the statutory guideline range of 20 years imprisonment but at the high end of the discretionary sentencing guideline range of 87-108 months. (ECF No. 83, ¶ 86).

On March 16, 2020, Defendant timely filed a Notice of Appeal (ECF No. 89). When affirming Defendant's sentence on October 15, 2020, the appellate court first pointed out that Judge Brooks did not abuse the Court's discretion when denying Defendant's motions to withdraw his guilty plea, finding that Defendant "understood the plea agreement, and knowingly and voluntarily entered into the agreement."

---

[1] This first appeal by Defendant was denied as premature on March 23, 2020, by the Eighth Circuit Court of Appeals. (ECF No. 100-1).

(ECF No. 102-1, p.2). The Court of Appeals then rejected Defendant's claim that the District Court lacked jurisdiction over him. Further findings included that the Government's introduction of laboratory results concerning drug purity did not breach Defendant's plea agreement and that the District Court properly could consider those lab results when determining Defendant's base offense level. (ECF No. 102-1, p.2).

Defendant commenced his habeas corpus proceeding with a Motion to Vacate on August 31, 2021, (ECF No. 103), and an Amended Motion on September 21, 2021 (ECF No. 107). Multiple motions followed, including Defendant's Motion to Correct the Face of the Habeas Corpus (ECF No. 120). Defendant had sought relief under 28 U.S.C. § 2241 and 28 U.S.C. § 1651(b), but was concerned about his petition being considered "successive" after the Fifth Circuit Court of Appeals denied – as successive – a § 2254 petition related to Defendant's Texas robbery conviction. The undersigned examined Defendant's procedural history and his pleadings within this district, and determined, without reference to titles, that the relief sought by Defendant is relief pursuant to 28 U.S.C. § 2255, and not § 2241 or § 1651(b). Cognizant of its duty to warn Defendant of the limitations period and restrictions on filing successive motions under § 2255, the Court permitted Defendant time to either consent to the reclassification of the petition or withdraw it. (ECF No. 124).

On the same day this Court ruled, Defendant filed an appeal to the Eighth Circuit wherein Defendant, *inter alia,* challenged his ability to attack the constitutionality of 28 U.S.C. § 2403, as it relates to relief under 28 U.S.C. §§ 2241 and 2255(e). (ECF No. 122). Defendant later filed a Motion for Reconsideration of the undersigned's Order, asking Judge Brooks to consider his pleadings as seeking relief under § 2241. (ECF No. 130). Judge Brooks denied the motion on January 5, 2022, (ECF No. 135), and on February 9, 2022, the Eighth Circuit rejected Defendant's appeal as untimely. (ECF No.

141-1). Additional motions – to direct the Court Clerk to correct ECF filings and to "give notice to Article 3 Judge" (ECF Nos. 142, 143) – were also denied by Judge Brooks. (ECF Nos. 144, 145).

On March 7, 2022, Defendant filed a Petition for Extraordinary Relief and Motion to Invoke Habeas Corpus from the appellate court (ECF No. 146) which was denied by the Eighth Circuit on March 14, 2022. (ECF No. 147). The undersigned granted Defendant's Motion to Amend his Motion to Vacate (ECF No. 107); Defendant filed his amended motion on June 16, 2022, (ECF No. 149, 149-1), and a supplement on June 17, 2022. (ECF No. 151). The United States previously responded to Defendant's Motion to Vacate (ECF No. 121), and no additional response was required by the amendment. Defendant's Motion is ripe for adjudication.

## II.     Procedural Discussion

The Court first addresses Defendant's claim that he is seeking relief under § 2241. Having reviewed Defendant's pleadings in their entirety, and noting their evolution over the course of several months, the Court does not believe Defendant seeks to attack the execution of his sentence or the manner in which his sentence is being carried out as permitted by § 2241. To the contrary, Defendant alleges, *inter alia*, that he is "procedurally actual innocent" because the State of Arkansas, and not the United States, had "jurisdiction" to punish Defendant for his criminal conduct. (ECF No. 149, p.4, ECF No. 151, p.3). In his Supplement (ECF No. 149-1), Defendant elaborates on the dual sovereignty doctrine; contends that Rule 7(b) of the Federal Rules of Criminal Procedure – permitting a defendant to waive indictment by a grand jury – is unconstitutional; and argues that 18 U.S.C. § 3231 – granting U.S. District Courts original jurisdiction for all violations of federal criminal law – is similarly unconstitutional. In a supplemental filing (ECF No. 151), Defendant seeks exercise of Article III judicial power (as opposed to statutory authority) to free him from incarceration but for the same reason – that the State of Arkansas

had jurisdiction over him but the federal government did not. (ECF No. 151, p. 2-3). In addition to his freedom, Defendant seeks certification of a constitutional challenge under 28 U.S.C. § 2403 and/or permission to seek relief in the jurisdiction of Defendant's confinement.

Regardless of any particular rationale advanced, Defendant's primary contention is that the U.S. District Court for the Western District of Arkansas, Fayetteville Division, lacked jurisdiction to prosecute him for violations of federal drug laws. Under 28 U.S.C. § 2255, a defendant in federal custody is specifically permitted to seek post conviction relief on the ground that his sentence was imposed **in the absence of jurisdiction** or in **violation of the Constitution** or laws of the United States. Thus, § 2255 – and not § 2241– is the proper method for Defendant to claim "that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a); *see also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007). As noted in the prior orders of this Court, Defendant's Motion and accompanying pleadings should be construed pursuant to 28 U.S.C. § 2255 which is neither "inadequate or ineffective to test the legality of his detention." *See Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003).

### III.    Substantive Discussion

Having identified that Defendant's § 2255 ground for relief is the District Court's lack of jurisdiction over him, the Court is constrained to recommend denial of Defendant's Motion to Vacate as issues decided adversely on appeal cannot be raised again in a § 2255 motion. *See United States v. Kraemer,* 810 F.2d 173, 177 (8th Cir. 1987). Unless Defendant presents new evidence or there is a change in the law, a procedural bar exists to a § 2255 claim where an appellate court decided the issue adversely to defendant on a direct appeal of his conviction. *Thompson v. United States,* 7 F.3d 1377, 1379 (8th Cir. 1993), *cert. denied*, 511 U.S. 1010 (1994).

Here, Defendant filed a direct appeal of his conviction/sentence, and one of the grounds asserted

was the District Court's lack of jurisdiction which had been raised and rejected by Judge Brooks. The jurisdictional challenge was entitled to a *de novo* review on appeal, as properly argued in Defendant's appellate brief. *See* 2020 WL 2598030. Although Defendant submitted an *Anders*' brief, the issue was briefed and squarely before the Eighth Circuit who – consistent with its precedent and jurisprudence, and in a written *per curiam* opinion – rejected Defendant's jurisdictional argument, relying on the presumptive constitutionally of 18 U.S.C. § 3231 in vesting original jurisdiction for violations of federal criminal law in the federal district courts. (ECF No. 102-1, p.2). While Defendant has sharpened (and somewhat expanded) his arguments since appeal, his primary contention is that the District Court wholly lacks jurisdiction over him. Binding precedent forecloses the undesigned's consideration of these claims. *See United States v. Davis*, 406 F.3d 505, 511 (th Cir. 2005), *cert denied,* 126 S.Ct. 1083 (2006) (same claim in different clothes cannot be reconsidered on collateral review).

The Court pauses to specifically address Defendant's claim that he is "procedurally actual innocent," which here affords Defendant no relief. Defendant's constitutional claims are not premised on his actual innocence of the underlying offense but rather, on his contentions that applicable federal statutes, rules and procedures are unconstitutional, and thus this Court lacks jurisdiction to sentence him to a term of imprisonment. Were the Court unrestrained to consider the legal arguments Defendant presents, they wholly lack merit. Defendant provides no persuasive authority for this Court's invalidating the longstanding (and bedrock) dual sovereignty doctrine, striking Rule 7(b) of the Federal Rules of Criminal Procedure, or finding 18 U.S.C. § 3231 unconstitutional. Defendant seeks a radical erosion of the federal criminal justice system which is well beyond the purview of this Court. Because Defendant's arguments are contrary to well-established law and there is no dispute as to any factual issue, an evidentiary hearing is both unwarranted and unnecessary. For similar reasons, the Court finds Defendant

has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), and does not recommend issuance of a certificate of appealability.

## IV. Conclusion

For the reasons stated herein, it is recommended that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 107 and supplements 149 & 151) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that a Certificate of Appealability be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 14th day of July 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE