# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF/RESPONDENT**

V.                              **CASE NO. 5:19-CR-50094**

**FREDERICK HERROD**                                            **DEFENDANT/PETITIONER**

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. (Doc. 154). On July 29, 2022, Frederick Herrod filed objections to the R&R. (Doc. 155). When a defendant makes specific objections to portions of a magistrate judge's R&R, the district court must conduct a *de novo* review of the contested findings to which the defendant has lodged such objections. *See* 28 U.S.C. § 636 (b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

In his objections to the R&R, Mr. Herrod disagrees with the finding that this Court had proper jurisdiction to sentence him for the crime of possession of methamphetamine. He contends his federal prosecution was a "sham" and objects that the Magistrate Judge should have considered his request for habeas relief under 28 U.S.C. § 2241 rather than § 2255. In brief, § 2255 is used to attack the validity of a conviction, while § 2241 is used to challenge the execution of a sentence. *Matheny v. Morrison*, 307 F.3d 709, 801 (8th Cir. 2002). Here, Mr. Herrod is challenging the validity of his conviction, so his petition for habeas relief is properly brought under § 2255. Regardless, his substantive arguments lack merit.

1

Mr. Herrod's jurisdictional argument challenges the so-called "dual sovereignty" doctrine. He argues that his federal conviction placed him in double jeopardy because the underlying criminal conduct was the same as the conduct prosecuted by the state. *See* Doc. 149-1, p. 6. In other words, Mr. Herrod believes the federal government lacked jurisdiction to charge him with drug crimes because the state was also charging him with drug crimes based on the same set of facts. *See* Doc. 155, p. 5.

The state and federal governments are different sovereigns with different laws. They may each prosecute an individual for the same unlawful conduct without offending the U.S. Constitution. See *Heath v. Alabama,* 474 U.S. 82, 90 (1985) ("[T]he dual sovereignty doctrine is founded on the common law conception of crime as an offense against the sovereignty of the government. When a single act violates the peace and dignity of two sovereigns by breaking the laws of each, [the defendant] has committed two distinct offences.").

For the reasons stated, Mr. Herrod's objections to the R&R are **OVERRULED**, and the R&R is **ADOPTED IN ITS ENTIRETY**. The Petition and Motion to Vacate (Docs. 107, 149, 151) are **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 12th day of August, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE